## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Jennifer Rincon, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-26-1157 |
| | § | |
| Genaro James Prieto, | § | |
| *Defendant*. | § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the court is Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs. ECF No. 2. The court recommends that Defendant's motion, ECF No. 2, be **DENIED**.

### 1. Legal Standard and Analysis

Defendant Genaro James Prieto, who removed this case to federal court, requests to proceed in forma pauperis. ECF No. 2. The court may grant in forma pauperis status to an indigent litigant "who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

"[A] district court's determination of whether a party may proceed in forma pauperis must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024). "[T]here is no requirement that an individual 'be absolutely destitute' or spend 'the last dollar they have' towards the payment of court costs to enjoy the benefit of in forma pauperis status." *Id.* (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 337 (1948)). The question is whether the litigant can afford the costs without undue financial hardship or deprivation of "the necessities of life." *Martinez v. Tex. Gen. Land Office*, No. 25-

CV-01745, 2025 WL 3259304, at *1 (W.D. Tex. Nov. 3, 2025) (citing *Adkins*, 335 U.S. at 339).

Courts consider the litigant's financial resources and expenses and whether those expenses are discretionary or mandatory. *Moates v. Biden*, No. 22-CV-0626, 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022) (citing *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988)), *R. & R. adopted*, 2022 WL 18110176 (W.D. Tex. Oct. 18, 2022). Courts may look to where the litigant's reported income is in relation to applicable poverty guidelines. *Id.*

Prieto reports that he is employed at St. Martin's Episcopal Church, yet Prieto also states that he has not received any income from his profession or any other sources in the past twelve months. ECF No. 2 at 1. The only other information Prieto provided is that he has a single income to support a family of seven. *Id.* at 2. Prieto did not report his wages or take-home pay. Prieto also did not report the amount of money he has in cash or in a savings account, any valuable property that he owns, or any monthly expenses. Prieto did not provide relevant financial information. Thus, Prieto's financial affidavit does not show that paying the court costs and fees would cause him undue financial hardship or deprivation of "the necessities of life." *Cf. Moates*, 2022 WL 3566451 at *1; *see also Linwood v. Fin. Am., LLC*, No. 24-CV-01963, 2024 WL 3682299, at *1 (N.D. Tex. Aug. 6, 2024). Accordingly, the court recommends that Prieto's request to proceed in forma pauperis be **DENIED**.

### 2. *Conclusion*

The court recommends that Prieto's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2, be **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on February 25, 2026.

_____
Peter Bray
United States Magistrate Judge