**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Jennifer Ricon, | § | |
| _Plaintiff,_ | § | |
| | § | |
| v. | § | Civil Action H-26-1157 |
| | § | |
| Genaro James Prieto, | § | |
| _Defendant_. | § | |

**MEMORANDUM AND RECOMMENDATION**

This is an action to enforce a child support order. This case has been referred to the undersigned magistrate judge for full pretrial case management. ECF No. 6. Pending before the court is Plaintiff's Motion to Remand. ECF No. 11. The court recommends that the motion be **GRANTED** and that this case be **REMANDED** to state court. Plaintiff also requests attorney's fees under 28 U.S.C. § 1447(c), which the court recommends be **GRANTED**.

### 1. _Background and Procedural Posture_

This case has a long history in state court dating back to 2016. ECF No. 11-5. Jennifer Rincon filed a Motion for Enforcement of Child Support and Medical and Dental Support and Order to Appear (the Motion to Enforce) in the 247th Judicial District Court of Harris County, Texas, on July 21, 2025. ECF No. 11-2. The Motion to Enforce was served on Genaro James Prieto on October 6, 2025. ECF No. 11-3 at 2.

Prieto filed his Verified Response to the Motion on November 3, 2025. ECF No. 11-4. In his Verified Response, Prieto stated that any request that he disclose his tax returns would violate the federal tax code and that federal law preempts any conflicting state orders. _Id._ at 3. Prieto also argued that any intervention into his parenting decisions would violate his due

process rights under *Troxel v. Granville*, 530 U.S. 57 (2000) (considering a parent's substantive due process rights under the Fifth and Fourteenth Amendments to the United States Constitution).

On November 20, 2025, the state case was set for trial to begin on February 16, 2026. ECF No. 11-5 at 4. On February 11, 2026, just days before the trial was set to begin, Prieto filed a document titled Motion to Vacate or Declare Void the October 25, 2021 Settlement Agreement, to Continue the February 16, 2026 Enforcement Hearing, and to Abate Enforcement Pending Adjudication of Coercion and Duress (Motion to Vacate). ECF No. 1-1 at 2–4. In the Motion to Vacate, Prieto argues, among other things, going forward with an enforcement proceeding would risk "irreversible deprivation of liberty without lawful foundation." *Id.* at 3.

On February 12, 2026, the day after he filed the Motion to Vacate and four days before the trial was to begin, Prieto filed his Notice of Removal. ECF No. 1. Prieto states without explanation that "this action arises under the laws of the United States." *Id.* at 1.

On February 25, 2026, Rincon filed the instant Motion to Remand, arguing that this matter arises solely under the Texas Family Code. ECF No. 11 at 3. She explains that her Motion to Enforce alleges only that Prieto failed to provide health and dental insurance coverage for his children, failed to reimburse Rincon for dental expenses, and failed to notify Rincon of changes in his employment. *Id.*

Prieto responded to the Motion to Remand on March 10, 2026. ECF No. 13. He argues that, once he filed his Motion to Vacate, which was responsive to Rincon's proposed order seeking

2

to hold Prieto in contempt,[1] "constitutional issues . . . became the focal point of the case." ECF No. 13 at 1. The Motion to Vacate and the motion seeking contempt sanctions were, in Prieto's view, the papers which put him on notice that a federal question was being raised in the state court proceeding. *Id.* He also argues that, even if the court disagrees with him, his error in removing the case was not done in bad faith. *Id.*

### 2. Removal Jurisdiction

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). Removal can be based on diversity jurisdiction if the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. *See* 28 U.S.C. §§ 1332, 1441; *Priester v. Deutsche Bank Nat'l Tr. Co.*, 832 F. App'x 240, 244 (5th Cir. 2020). A case may also be removed if the case is one that "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331, 1441. Upon removal, the defendant "has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). "[O]perative facts and pleadings are evaluated at the time of removal." *In re Deepwater Horizon,* 745 F.3d 157, 162–63 (5th Cir. 2014).

### 3. Federal Question Jurisdiction

Only federal question jurisdiction is at issue here. There is no allegation that the parties are of diverse citizenship or that the amount in controversy exceeds $75,000. Federal district courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

---

[1] This motion seeking to hold Prieto in contempt is not in the record before the court.

3

28 U.S.C. § 1331. The court will apply the "well-pleaded complaint" rule. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.* 535 U.S. 826, 830 (2002). That is, "a federal question exists only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP,* 538 F.3d 334, 337–38 (5th Cir. 2008) (citation modified).

The Motion to Enforce seeks only to enforce a settlement agreement that resolved a state case. It does not raise any federal question. To the extent that Prieto argues that the Motion to Vacate, which he himself filed, could transform Rincon's action to enforce a settlement agreement into a case involving a federal question, he is mistaken. The federal question must be raised by the plaintiff; defenses and counterclaims cannot confer federal question jurisdiction upon the court. *See Holmes Grp., Inc.*, 535 U.S. at 830–31 (2002). Moreover, to the extent that Prieto argues that the prospect of a state court holding him in contempt would implicate his federal constitutional rights, he has not explained how that is the case. This is not a civil rights lawsuit against a state actor under 42 U.S.C. § 1983. The documents filed in state court relate to sanctions that a state court might at some point impose for violating a state court settlement agreement. Prieto has not explained how this raises a federal question.

The Notice of Removal was also untimely filed. A notice of removal must be filed within thirty days of service of the initial pleading or receipt by the defendant of any paper from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b). "The time limitations in 28 U.S.C. Section 1446 are mandatory and must be strictly construed[.]" *Hodge v. Stallion Oilfield Servs.*, No. H-07-CV-2255, 2007 WL 2777771, at *1 (S.D. Tex. Sept. 20, 2007) (citation modified). Prieto was served on

4

October 6, 2025, and filed his Verified Response on November 3, 2025. Even using the latter date, the February 12, 2026 Notice of Removal was more than two months late. To the extent that Prieto argues that his Motion to Vacate first raised a federal question, that argument is not well taken. Prieto made arguments under federal law in his November 2025 Verified Response. *See* ECF No. 11-4 at 2–4.

The court does not have subject matter jurisdiction and removal was untimely. This case should be remanded to state court.

### 4. Fees and Costs

Rincon's Motion to Remand seeks attorney's fees and costs under 28 U.S.C. § 1447(c). ECF No. 11 at 4. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Section 1447(c) authorizes courts to award costs and fees, but only when such an award is just." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005). "The removing party must have 'lacked an objectively reasonable basis' [for removal] at the time it sought removal to be subject to the imposition of costs and expenses." *The Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524 (5th Cir. 2020), *as revised* (Sept. 24, 2020) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). If there was no objectively reasonable basis to remove, costs and fees are proper. *Id.*

The court is convinced that Prieto's removal of this case was objectively unreasonable. The court recognizes that Prieto is proceeding *pro se*, but the removal was an obvious effort to avoid the trial in state court. Prieto's argument that his Motion to Vacate put him on notice that a federal question was involved in the case is disingenuous, given that Prieto had previously made arguments under federal law months prior to his Motion to Vacate. The

5

Motion to Vacate itself asked to delay the trial, which Prieto accomplished by removing the case. This is a misuse of the Federal Rules of Civil Procedure. *See Brook Forest Cmty. Ass'n Inc v. Norris*, No. 4:20-CV-2814, 2021 WL 3832930, at *1 (S.D. Tex. Jan. 29, 2021) (stating that a *pro se* defendant's mailing his second notice of removal two days before the state-court case was set for trial may be a "misuse of the Federal Rules of Civil Procedure by interfering with the state court's orderly handling of its docket"). Reimbursement of fees and costs is thus warranted.

Because Rincon failed to attach any evidence of fees, hours worked on the instant motion, or justification of counsel's hourly rate, the court is left to estimate the fees based on the court's judgment and experience.

The issues presented are basic and uncomplicated. The court concludes that the requested hourly rate of $300 is warranted and is well within the hourly rates that attorneys in similar cases routinely charge in this district and division. The law contained in the Motion to Remand is well-understood and the court estimates that it would take no more than four hours to prepare the Motion to Remand. Rincon's counsel also had to prepare the joint discovery and case management plan, which the court estimates to have taken no more than two hours. The court also estimates that Rincon's counsel was required to spend an hour discussing the case with Rincon. That is a total of seven hours, which just happens to be the amount of time Rincon's counsel states he spent on the case. An award of $2,100 in attorney's fees is just. *See Combs v. City of Huntington, Tex.*, 829 F.3d 388, 391–92 (5th Cir. 2016); *see also Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (reciting several factors relevant to determining an award of attorney's fees). The court also awards $100 for the pro hac vice fee for a total of $2,200 in fees and costs to be assessed against Prieto.

6

### *5. Conclusion*

The court recommends that Plaintiff's Motion to Remand, ECF No. 11, be **GRANTED** and that Rincon be awarded $2,200 in fees and costs.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on March 25, 2026.

_____

Peter Bray
United States Magistrate Judge